STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SKYLER F. CHO (Cal. Bar No. 285299)
Assistant United States Attorney
International Narcotics, Money
  Laundering, and Racketeering Section
      1400 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone:  (213) 894-2475
      Facsimile:  (213) 894-0142
      E-mail:    skyler.cho@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-00075-JAK-1 |
|---|---|
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION FOR DEFENDANT CATRINA GIPSON |
| v. | Hearing Date: 10/20/2022 |
| CATRINA GIPSON, | Hearing Time: To be determined |
| Defendant. | Location:     Courtroom of the Hon. John A. Kronstadt |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorney Skyler F. Cho, hereby files its sentencing position relating to defendant CATRINA GIPSON ("defendant").

The government's position regarding sentencing is based upon the attached memorandum of points and authorities, the files and records in this case, the plea agreement, and any other evidence or argument that the Court may wish to consider at the time of sentencing. The

1  government respectfully requests the opportunity to supplement its

2  position or respond to defendant as may become necessary.

3   Dated: September 12, 2022          Respectfully submitted,

4                                       STEPHANIE S. CHRISTENSEN
                                        Acting United States Attorney
5
                                        SCOTT M. GARRINGER
6                                       Assistant United States Attorney
                                        Chief, Criminal Division
7

8                                       */s/ Skyler F. Cho*
                                        SKYLER F. CHO
9                                       Assistant United States Attorney

10                                      Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.   INTRODUCTION**

3       Defendant CATRINA GIPSON ("defendant") participated in a scheme
4  to defraud California's Employment Development Department
5  ("California EDD") through the filing of false claims for
6  unemployment insurance benefits.  In June 2022, pursuant to a plea
7  agreement, defendant pleaded guilty to counts one and eight of the
8  indictment in <u>United States v. Catrina Gipson</u>, CR No. 20-00075-JAK-1,
9  charge defendant with conspiracy to commit wire fraud, in violation
10 of 18 U.S.C. § 1349, and aggravated identity theft, in violation of
11 18 U.S.C. § 1028A(a)(1), respectively.

12      In August 2022, the United States Probation and Pretrial
13 Services Office (the "Probation Office") filed the Presentence
14 Investigation Report ("PSR").  (ECF No. 181.)  The Probation Office
15 determined that defendant's base offense level is seven under
16 U.S.S.G. §§ 2X1.1(a), 2B1.1(a)(1).  (PSR ¶¶ 25-26.)  The Probation
17 Office concluded that, under U.S.S.G. § 2B1.1(b)(1)(H), a 14-level
18 increase applies because the loss exceeded $550,000.  (<u>Id.</u> ¶ 27-29.)
19 The Probation Office also concluded that a two-level increase under
20 U.S.S.G. § 2B1.1(b)(10)(C) applies because defendant's offenses
21 involved sophisticated means, and defendant intentionally engaged in
22 or caused conduct constituting sophisticated means.  (<u>See</u> <u>id.</u> ¶¶ 30-
23 31.)  The Probation Office applied a four-level increase under
24 U.S.S.G. § 3B1.1.1(a) to reflect defendant's aggravating role.  (<u>See</u>
25 <u>id.</u> ¶¶ 35-36.)  The Probation Office also applied a three-level
26 decrease based on defendant's acceptance of responsibility.  (<u>Id.</u>
27 ¶¶ 40-41.)  The Probation Office calculated defendant's total offense
28 level to be 24.  (<u>Id.</u> ¶ 42.)  The Probation Office also calculated

1   defendant's criminal history score to be one, placing defendant in
2   criminal history category I.  (Id. ¶¶ 49-50.)  The Probation Office
3   determined that the applicable amount of restitution payable pursuant
4   to 18 U.S.C. § 3663A is $1,106,282.40.  (See id. ¶ 134.)

5       While the government agrees with the Probation Office that the
6   Sentencing Guidelines factors discussed above are applicable, in the
7   plea agreement, the parties agreed that, under U.S.S.G.
8   § 2B1.1(b)(11), an increase of two offense levels also applies
9   because of trafficking of unauthorized access devices; indeed, in the
10  plea agreement, defendant admitted that unauthorized access devices
11  had been transferred to defendant from one or more coconspirators.
12  (ECF No. 158 at 11-12.)  Applying a two-level enhancement for
13  trafficking of unauthorized access devices would increase defendant's
14  total offense level to 26.

15      Consistent with the plea agreement, with respect to count one,
16  the government recommends that the Court apply a three-level downward
17  variance based on the factors set forth in 18 U.S.C. § 3553(a),
18  provided that the total offense level used by the Court before
19  applying any variance is 26 or higher and provided that the Court
20  does not depart downward in criminal history category.  With a three-
21  level downward variance, the offense level for count one would be 23.
22  An offense level of 23 and a criminal history category of I yields a
23  Sentencing Guidelines range of 46 to 57 months for count one.  The
24  government recommends that, with respect to count one, the Court
25  impose a sentence at the low-end of this Guidelines range, namely
26  46 months' imprisonment.

27      As discussed further below, the government recommends that this
28  Court sentence defendant to a term of imprisonment 70 months --

1    consisting of 46 months on count one to be followed by the mandatory

2    consecutive 24-month term on count eight -- to be followed by a

3    three-year period of supervised release, a mandatory special

4    assessment of $200, and restitution in the amount of $1,106,282.40.

5    Such a sentence would be sufficient, but not greater than necessary,

6    given the circumstances in this case.

7    **II.   STATEMENT OF FACTS**

8         Beginning on an unknown date and continuing to at least in or

9    about July 2016, defendant and co-conspirators knowingly conspired to

10   commit wire fraud.  Specifically, there was an agreement between

11   defendant and coconspirators to knowingly participate in, with intent

12   to defraud, a scheme to defraud California EDD by means of material

13   false statements that used, or caused to be used, interstate wire

14   communications to carry out an essential part of the scheme.

15   Defendant became a member of the conspiracy knowing of its object and

16   intending to help accomplish it.

17        To accomplish the object of the conspiracy: (1) co-conspirators

18   registered fake businesses with California EDD; (2) co-conspirators

19   opened and/or maintained post office boxes responsible for receiving

20   mail for the fake businesses; (3) co-conspirators filed claims for

21   unemployment insurance in their own names, claiming unemployment from

22   fake businesses created by co-conspirators, causing the funding of

23   debit cards by California EDD; (4) co-conspirators filed claims for

24   unemployment insurance in the names of other individuals, claiming

25   unemployment from fake businesses created by co-conspirators, causing

26   the funding of debit cards by California EDD; (5) defendant and

27   coconspirators withdrew funds from the California EDD-funded debit

28   cards that were in the name of other claimants; and (6) defendant and

3

co-conspirators fraudulently obtained unemployment insurance benefits.   In furtherance of the conspiracy, defendant committed overt acts, including the following:

1.   on May 21, 2014, defendant withdrew $40 from Bank of America at a branch in Moreno Valley, using a debit card ending in 3641, which California EDD had funded pursuant to a false unemployment claim made in the name of C.E. stating that C.E. had been laid off from Super Cleaning Service -- a fictitious business -- in 2014, when in fact, C.E. had been a prison inmate since 2009;

2.   on June 30, 2016, defendant possessed in her home correspondence from California EDD regarding unemployment insurance contributions required for Super Cleaning Service;

3.   on May 17, 2016, defendant withdrew $800 from Bank of America at a branch in Moreno Valley, California, using a debit card ending in 1589, which California EDD had funded pursuant to a false unemployment claim made on April 4, 2016, in the name of R.A. stating that R.A. had been laid off from Angel Clothing Store -- a fictitious business -- in March 2016, when in fact, R.A. had been a prison inmate between August 2010 and September 2016;

4.   on May 17, 2016, defendant withdrew $440 from a Bank of America at a branch in Moreno Valley, California, using a debit card ending in 2074, which California EDD had funded pursuant to a false unemployment claim made on April 4, 2016, in the name of A.P. stating that A.P. had been laid

off from Angel Clothing Store in 2016, when in fact, A.P.
had been a prison inmate since 2002;

5.   on May 19, 2016, defendant withdrew $880 from Bank of
America at a branch in Moreno Valley, California, using a
debit card ending in 6131, which California EDD had funded
pursuant to a false unemployment claim made on April 10,
2016, in the name of J.B. stating that J.B. had been laid
off from Angel Clothing Store in 2016, when in fact, J.B.
had been a prison inmate since 2000.

Some of defendant's overt acts in furtherance of the conspiracy
involved the trafficking of unauthorized access devices that had been
transferred to defendant from one or more coconspirators.
Defendant's offense resulted in actual losses of approximately
$1,106,282.40, which defendant knew or, under the circumstances,
reasonably should have known, were a potential result of defendant's
offense.  Accordingly, the applicable amount of restitution is
approximately $1,106,282.40.

Defendant was an organizer and leader of this extensive
conspiracy, which involved more than five participants.  Defendant
recruited several of her co-conspirators and taught co-conspirators
how to engage in and execute the scheme to defraud the California
EDD.  Defendant also claimed and received a larger share of the
fruits of the conspiracy.  Defendant's offenses involved
sophisticated means, and defendant intentionally engaged in or caused
conduct constituting sophisticated means.  For example, to execute
and conceal the scheme, defendant: (1) registered or caused the
registration of fictitious entities with California EDD; (2) used or
caused to be used multiple post office boxes to receive mail for the

5

fictitious entities; and (3) used or caused to be used various locations, including rooms rented in the names of others, to file claims online so that claims were filed from different IP addresses.

Additionally, on or about May 17, 2016, during and in relation to the crime of conspiracy to commit wire fraud, defendant knowingly possessed and used, without legal authority, a means of identification of another person -- namely, a debit card assigned to R.A. -- that defendant knew belonged to a real person.

**III.  SENTENCING GUIDELINES FACTORS**

In the PSR, the Probation Office applied the following Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 7 | U.S.S.G. § 2X1.1(a), 2B1.1(a)(1) |
| Loss Exceeding $550,000: | +14 | U.S.S.G. § 2B1.1(b)(1)(H) |
| Sophisticated Means: | +2 | U.S.S.G. § 2B1.1(b)(10)(C) |
| Aggravating Role: | +4 | U.S.S.G. § 3B1.1(a) |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(a), (b) |
| **Total Offense Level** | **24** | |

(See PSR ¶¶ 25-42.)  The Probation Office calculated defendant's criminal history score to be one, placing defendant in criminal history category I.  (Id. ¶¶ 49-50.)  The Probation Office determined that a total offense level of 24 and defendant's criminal history results in a Guidelines range of 51 to 63 months' imprisonment for count one.  (Id. ¶ 117.)   The Probation Office recommended that defendant be sentenced to 61 months' imprisonment -- consisting of consisting of 37 months on count one to be followed by the consecutive 24-month term on count eight -- and a three-year period

of supervised release.  (See ECF No. 180 at 2.)  The Probation Office
determined that the applicable amount of restitution payable pursuant
to 18 U.S.C. § 3663A is $1,106,282.40.  (See PSR ¶ 134.)

While the government agrees with the Probation Office that the
Sentencing Guidelines factors discussed above are applicable, in the
plea agreement, the parties agreed that, under U.S.S.G.
§ 2B1.1(b)(11), an increase of two offense levels also applies
because of trafficking of unauthorized access devices.  (ECF No. 158
¶ 16.)  § 2B1.1(b)(11) provides, in relevant part, that: "[i]f the
offense involved . . . (B) the . . . trafficking of any
(i) unauthorized access device . . . increase by 2 levels."
18 U.S.C. § 1029(e)(5) provides that: "the term 'traffic' means
transfer, or otherwise dispose of, to another, or obtain control of
with intent to transfer or dispose of[.]"  Because, in the plea
agreement, defendant admitted that unauthorized access devices had
been transferred to defendant from one or more coconspirators, (ECF
No. 158 at 11-12), this Court should apply a two-level enhancement
for trafficking of unauthorized access devices, which would increase
defendant's total offense level to 26.

Consistent with the plea agreement, with respect to count one,
the government recommends that the Court apply a three-level downward
variance based on the factors set forth in 18 U.S.C. § 3553(a),
provided that the total offense level used by the Court before
applying any variance is 26 or higher and provided that the Court
does not depart downward in criminal history category.  With a three-
level downward variance, the offense level for count one would be 23.
An offense level of 23 and a criminal history category of I yields a
Sentencing Guidelines range of 46 to 57 months for count one.  The

government recommends that, with respect to count one, the Court impose a sentence at the low-end of this Guidelines range, namely 46 months' imprisonment.

## IV.   THE GOVERNMENT'S SENTENCING RECOMMENDATION

Based on the foregoing, the government recommends that this Court sentence defendant to a term of imprisonment 70 months -- consisting of 46 months on count one to be followed by the mandatory consecutive 24-month term on count eight -- to be followed by a three-year period of supervised release, a mandatory special assessment of $200, and restitution in the amount of $1,106,282.40.[1] Such a sentence would be sufficient, but not greater than necessary, given the circumstances in this case.

### A.   18 U.S.C. § 3553(a)(1)

Under 18 U.S.C. § 3553(a)(1), the Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" in imposing a sentence.

As to the nature and circumstances of the offense, the sentence recommended by the government reflects the seriousness of defendant's crime.  Through her participation in a scheme to fraudulently obtain unemployment insurance benefits from California EDD, defendant and co-conspirators caused significant losses.

The sentence recommended by the government -- which applies a three-level downward variance based on the factors set forth in 18 U.S.C. § 3553(a) -- also reflects defendant's history and characteristics.  In the PSR, the Probation Office stated that defendant's "post-release conduct, including obtaining full time

---

[1] The government defers to the Probation Office with respect to its determination regarding defendant's ability to pay a fine.

8

employment may warrant a variance" and that "her efforts on pretrial supervision during that time serve as mitigating circumstances to warrant a variance[,]" (PSR ¶ 140), and the government's recommendation accounts for mitigating factors, including the fact that defendant entered into a plea agreement sufficiently in advance of trial to avoid the need for preparation.  The indictment in this case charges eight defendants, and defendant is the second defendant who has pleaded guilty pursuant to a plea agreement.

    B.    18 U.S.C. § 3553(a)(2)

    Under 18 U.S.C. § 3553(a)(2), the Court must consider "the need for the sentence imposed: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  The government's recommended sentence of 70 months' imprisonment and a three-year term of supervised release serves these statutory objectives by providing just punishment for the offense and affording adequate specific and general deterrence to criminal conduct.

    C.    18 U.S.C. § 3553(a)(3)-(7)

    Under 18 U.S.C. § 3553(a)(3)-(7), the Court must consider "the kinds of sentences available," "the kinds of sentence and the sentencing range established," "any pertinent policy statement," "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and "the need to provide restitution to any victims of the offense."  The

government's recommended sentence of 70 months' imprisonment, a three-year period of supervised release, and restitution in the amount of $1,106,282.40 serves these statutory objectives.

**V.    CONCLUSION**

Based on the foregoing, the government recommends that this Court sentence defendant to a term of imprisonment 70 months -- consisting of 46 months on count one to be followed by the mandatory consecutive 24-month term on count eight -- to be followed by a three-year period of supervised release, a mandatory special assessment of $200, and restitution in the amount of $1,106,282.40.